Glenn R. Kantor, State Bar No. 122643
 E-mail: gkantor@kantorlaw.net
Timothy J. Rozelle, Esq. State Bar No. 298332
 E-mail: trozelle@kantorlaw.net
KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525 (Tel)
(818) 350 6272 (Fax)

Attorneys for Plaintiff
MARINA SHEYNBERG,
on behalf of herself and all others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINA SHEYNBERG, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY,<br><br>Defendant. | Case No.: 15-cv-03417 VC<br><br>**CLASS ACTION**<br><br>**JOINT FURTHER CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:       May 3, 2016<br>Time:       1:30 P.M<br>Courtroom:  4, 17th Floor |

Pursuant to the March 21, 2016 Minute Order of the Court, Plaintiff Marina Sheynberg ("Plaintiff") and Defendant Anthem Blue Cross Life and Health Insurance Company ("ABCLH") (collectively, the "Parties"), through their respective attorneys, hereby jointly submit the following Further Case Management Conference Statement in anticipation of the Further Case Management Conference, scheduled for May 3, 2016, at 1:30 p.m.

/ / /

/ / /

## 1. JURISDICTION AND SERVICE

The Parties agree that jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and (f), as this matter is governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"). The Parties further agree that venue is proper in this court. ABCLH is the only defendant that has been served and appeared.

## 2. STATUS OF MEDIATION

The Parties have been engaged in productive mediation sessions with Justice Edward A. Panelli (Ret.) in an effort to resolve this action as well as the other fourteen (14) similar cases.[1] Given that there are other parties and their counsel involved, it has taken several sessions. The Parties are optimistic about the possibility of reaching a settlement no later than June 2016.

## 3. AMENDMENT OF PLEADINGS

The Parties continue to meet and confer re limitations on the class definition. As currently defined in the operative complaint, the class includes all individuals "whose requests for Harvoni treatment have been denied (at any time under the applicable statute of limitations) under any fully-insured group health insurance ERISA-governed plan issued by [ABCLH]." (FAC, ¶ 110.)

ABCLH contends that the class should be limited to individuals (1) whose requests for Harvoni were denied on the basis of fibrosis staging only and (2) who are under a fully-insured plan like Plaintiff.

---

[1] The cases are similar in that all fifteen (15) cases, including Sheynberg, allege wrongful denials of health care benefits for the prescription drug known as Harvoni for Hepatitis C genotype 1 patients, particularly those with liver fibrosis stages F0-F2 on a F0-F4 scale. However, of these fifteen cases, three are pled as class actions and four involve ERISA governed plans.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

Plaintiff will seek leave to amend the class definition if the matter does not resolve but no later than July 2016.

## 4. MOTIONS ANTICIPATED BY THE PARTIES

The Parties anticipate the filing of cross motions of summary judgment prior to the hearing on class certification, which is currently set for January 19, 2017 at 10 AM (ECF No. 22).

## 5. STATUS OF DISCOVERY

The Parties have informally exchanged information and documents for the mediation sessions with Justice Panelli. On March 30, 2016, Plaintiff also served Interrogatories and Requests for Production on ABCLH. ABCLH's responses to discovery are currently due on April 29, 2016.

### a. Plaintiff's Contentions

Plaintiff contends that she may conduct discovery to complete the administrative record (if necessary), to investigate ABCLH's practices with respect to requests for authorization of Harvoni, and the enforceability of ABCLH's internal clinical guidelines for Harvoni treatment authorization prior to January 1, 2016.

Plaintiff further contends that ABCLH has a legal obligation to reconsider all prior denied authorization requests for Harvoni dating back to October 10, 2014. Thus, Plaintiff has conducted discovery seeking to determine how many ABCLH insureds (and individuals insured under self-funded plans administered by ABCLH), who were denied Harvoni prior to January 1, 2016, have now made new prior authorization requests for Harvoni since ABCLH changed its Harvoni coverage criteria at the beginning of the year. Plaintiff further contends that ABCLH has benefitted from denying requests for Harvoni which should not have otherwise been denied due to its unlawful coverage restrictions.

Plaintiff further contends that because a would-be class representative, like Plaintiff, has a live claim of her own she must be accorded a fair opportunity to show that certification is warranted.

### b. ABCLH's Contentions

A participant or beneficiary who successfully asserts a claim for wrongful denial of benefits may recover the benefits in an action brought under ERISA § 502(a)(1)(B). 29 U.S.C. § 1132(a)(1)(B). A participant or beneficiary, however, cannot recover other monetary relief, including consequential and punitive damages. *See Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985) (holding that individual claimant cannot recover punitive damages as a result of a denial of benefits in an ERISA action); *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 257-58 (1993) (holding monetary damages not recoverable under § 502(a)(3) as equitable relief).

Moreover, ABCLH contends that a trial of this matter is limited to the Court's review of the administrative record compiled and reviewed during the claims and appeal review process. *See Kearney v. Standard Ins. Co.,* 175 F.3d 1084, 1090 (9th Cir. 1999). Accordingly, no written discovery is proper or relevant in a bench trial of this matter.

Also, ABCLH's prior authorization ("PA") criteria were revised to expand coverage for Harvoni to members who have Hepatitis C after six months of diagnosis and in all stages of fibrosis, effective January 1, 2016. In light of this, ABCLH approved Harvoni for Plaintiff who admittedly finished her Harvoni treatment. ABCLH also believes that the class members have already or will likely obtain benefits for Harvoni upon receipt of their providers' prescription, rendering this lawsuit for recovery of ERISA plan benefits moot. At this time, Plaintiff has not articulated a reason as to why she—individually and as the class representative—should be permitted to force ABCLH to engage in discovery unless and until she can demonstrate that this lawsuit is viable.

4
JOINT FURTHER CASE MANAGEMENT CONFERENCE STATEMENT

**6.     CLASS ACTION: SIZE AND SCOPE OF CLASS**

    **a.     Plaintiff's Contentions**

This is a class action pursuant to the requirements of Federal Rules of Civil Procedure Rule 23.

Plaintiff has only recently determined that a significant portion of ABCLH's business in the insurance marketplace is to provide Administrative Services Only (ASO) for self-funded employer health plans.  Therefore, Plaintiff believes that this class should be expanded to include such individuals.  Plaintiff argues that Ninth Circuit case law supports this theory.

The Ninth Circuit has determined that proper defendants in ERISA actions include ERISA plans, *formally designated plan administrators*, *insurers or other entities responsible for payment of benefit*s, and *de facto plan administrators* that improperly deny or cause improper denial of benefits. Suits under section 1132(a)(1)(B) to recover benefits may be brought "against the plan as an entity *and against the fiduciary of the plan.*"  *Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*, 770 F.3d 1282, 1297-98 (9th Cir. 2014) cert. denied sub nom. *United Healthcare of Arizona v. Spinedex Physical Therapy USA, Inc.*, No. 14-1286, 2015 WL 1914438 (U.S. Oct. 13, 2015) (emphasis added).

    **b.     ABCLH's Contentions**

ABCLH contends that Plaintiff is not an adequate class representative, including because she has received Harvoni and the class as defined is overbroad. Plaintiff will seek leave to amend the class definition if the matter does not resolve but no later than July 2016.

**7.     SETTLEMENT AND ADR**

The Parties continue to engage in informal discussions and are in the process of scheduling another mediation with Justice Edward A. Panelli (Ret.) in an effort

to resolve this action as well as the other related cases.  The Parties anticipate scheduling the mediation in May 2016.

Notwithstanding the mediation sessions with Justice Panelli which involve other similar cases, Plaintiff contends that it would be in the best interest of the Class in this case to schedule a mediation with a Northern District Magistrate.

## 8. NARROWING OF ISSUES

If the Parties cannot reach agreement on the issues of the size and the scope of the class and whether Plaintiff is an appropriate class representative, these issues can be properly adjudicated through motion practice.

## 9. SCHEDULING

The Court has set the following schedule:

(a)   Discovery Cut-Off:  **November 18, 2016**

(b)   Initial Expert Disclosures Due: **October 7, 2016**

(c)   Rebuttal Expert Disclosures:  **October 21, 2016**

(d)   Expert Discovery Cut-Off: **November 18, 2016**

(e)   Motion Hearing Regarding Class Certification:  **January 19, 2017**

DATED:  April 26, 2016                KANTOR & KANTOR, LLP


BY: */s/ Glenn R. Kantor*
    Glenn R. Kantor
    Timothy J. Rozelle
    Attorneys for Plaintiff
    MARINA SHEYNBERG, on behalf of herself and all others similarly situated

/ / /

6
JOINT FURTHER CASE MANAGEMENT CONFERENCE STATEMENT

| | |
|---|---|
| DATED: April 26, 2016 | REED SMITH, LLP |
| | By: */s/ Junga Park Kim* |
| | Kenneth N. Smersfelt |
| | Junga Park Kim |
| | Monica J. Zi |
| | Attorneys for Defendant Anthem Blue Cross Life and Health Insurance Company |

*Filer's Attestation: Pursuant to Local Rule 5-1(i)(3) regarding signatures, Glenn R. Kantor hereby attests that concurrence in the filing of this document and its content has been obtained by all signatories listed.*

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

7

JOINT FURTHER CASE MANAGEMENT CONFERENCE STATEMENT